Good morning. May it please the court, I'm Emily Edling representing the appellants in this case and I'd like to reserve two minutes for rebuttal. There's a button that would lower that podium if you would like and the clerk can help you with that. Thank you. That's that's fine. Thank you. Hopefully that's better. It's better for you. That's what we're looking for. Thank you. Before Your Honors is a bankruptcy decision that expands Washington law to the benefit of the one debtor before it while eroding spendthrift trust protection in general. Before I launch into the Washington authorities on accrual, I want to begin by reviewing the issues raised in this court's August 14 order concerning the excuse me the first question posed is the effect of any of the discretionary clause found in the section and of course we contend that this discretionary clause is applicable that the clause gives the trustees the sole and absolute discretion to refrain from distributing principal or income from the trust in various circumstances two of which apply in this case one if there's a court proceeding or judgment involving the beneficiary or the probable transfer that the beneficiary may make or allow that the trustee deems imprudent or ill-advised and we contend this this clause essentially goes hand in hand with the spendthrift trust provision. One of the sub issues that was noted by the court for review is whether the Bonney Lake property is principal and income under this clause. We did get your supplemental material on that. I was concerned to me let's assume that you have a spendthrift trust that says that when the beneficiary reaches the age of 30 all the property shall be distributed but it also has all this discretionary stuff about you know the periodic payments to be made. Is the trustee entitled to withhold the trust corpus at age 30 if they think that the person is still going to squander it or does the specific instruction to distribute take precedence? So yes I believe the trustee is entitled and has the discretion especially under the language in this trust. We would contend although the Bonney Lake property language was later in time and more specific it doesn't actually override any other language in the trust. So in your view a spendthrift trust that says I want this trustee to manage my relatives access to this money they're now 14 years old when they reach age 30 they get all the remainder. The trustee can decide not to do that because they think that you is that really your argument? It is under the language of this trust. I think that would be correct. Keeping in mind Washington law has a strong history of recognizing the validity of spendthrift trust provisions not only when they're explicitly written out in a trust like it is in this one but also there's a Washington statute that creates that makes every trust into a spendthrift trust by protecting assets from creditors. But this trust language I you go through it all the different ways in which it emphasizes the discretion of the trustee. Can I ask you also to answer our second question that is there's there's no fact in this record that I could see demonstrating that the trustees actually relied on the discretionary clause and if I'm mistaken tell me where in the record. What your argument is is that they reasonably could have but there seems to be no evidence that they actually did. I think your honor that there is evidence and I have some places in the record I want to point your honor but also note that to the sentence court questions the adequacy of the preservation it's partly a product of the fact that these the developed in the briefing and there wasn't a specific argument raised by Ms. Hoover saying this provision is not applicable because I relied on advice of counsel. If there had been that argument and we still made the argument anyway but you know if there had been that argument I think the response would have been more clear that. Well there was evidence interpreting the trust one way the other. Yes no agreed and there and there definitely is evidence of multiple reasons why she might not have transferred. Might not have that's my problem let's let's suppose that instead of what was stated here that a trustee said you know I declined to make the distribution because someone asked me on Tuesday and it's my policy that I never transfer property when the request happens on Tuesday. So can someone then come in and say well if they had relied on the discretionary clause it would have been fine or do you have to go with what's actually in the record? So you're I'm sorry processing your question. The point of my question is if the trustee did not rely on one of the reasons given in the discretionary clause did not in fact rely on that how can we say here that they did? Well I think there's a disputed issue of fact as to whether where's the dispute we we raised at numerous places in the briefing our filings repeatedly noted that the debtor was savvy regarding property was not without knowledge of how to transfer property and suggesting that the claim of lack of knowledge was a ruse and reliance on counsel statement was a ruse. This is mentioned in our motion for summary judgment docket 62. That's an argument that's not a fact. No but there were facts in the record as well. To get you back to the basic question my colleague is asking you and and that is what are the disputed facts that relate to the exercise of discretion? The disputed facts in the record are. I think we're both looking for a list. Fact one, fact two, fact three. Okay so I'm sorry the because the question was about preservation I thought it was about the briefing but we we do discuss the facts that first of all Miss Hoover was in serious financial problem trouble she was in default on her loan she was motivated to protect it from creditors because of the bankruptcy alone and the Spencer of trust acknowledges that you know if there's a risk of losing the property due to bankruptcy it can be protected. Two, she faced a she faced a lawsuit from another business entity that sought to pierce the corporate veil that's in the briefing that we discussed and therefore she was motivated to try to protect this property from judgment creditors. Three, she was a savvy individual who was experienced with foreclosure sales had had bought and sold property several times imply you know noted in the briefing to imply that the idea that she just didn't do it because she didn't know how or because her attorney told her that it was too expensive is a ruse and extremely unlikely. But counsel the fact is I don't think those are facts I mean they're not facts that changed the outcome at least as I see it so let me just try a different route okay so let's assume that there was delay and let's impute that it was due to the discretionary clause because there's this delay but if you then go back to that language which pervades the briefing whether the property was ready for distribution does it matter? No if you're asking the question I think you are it was my my next point is that this doesn't matter the reason that she actually conveyed the property doesn't matter because the property never accrued under Washington law because the trustees never did what they needed to do to to transfer the leads me to another question there's these various cases in briefing about ready for distribution yes and ready for distribution is not the same as actual distribution would you agree with that? Yes I would. Okay so is there a gap between property that's ready for distribution and actual distribution or are those the only kind of two dichotomy alternatives? No I think there's no gap the the nettle cases nettle three and four make clear that the issue is have the trustees done everything they need to do to distribute the property so like in nettle three they've already written the check the check is due in a week all you know it's essentially in the mail on the way but it hasn't been received yet the court found that that property had been district had accrued because the trustees had completed all their duties with regard to it in nettle for very similar but the the trustees hadn't written and done the accounting and written the check until February 20th I think it was and the writ of garnish but came on February 15th and so the court is very clear there that yes the property was imminently planned for distribution but the trustees had not completed their job yet and so our position is that is this case yes Ms. Hoover claims that the trust was owed to her and was owed to her soon or imminently but the trustees had not done what they were supposed to do counsel there is the the sworn information in the record that the reason why it was not done was bad legal advice and accepting that is true why would the property still be ready for distribution under Washington law because if if the discretionary clause played no role whatsoever sure because the attorney told if the attorney really told miss Hoover do not distribute this then the trustees are actively deciding on advice of counsel not to distribute something well no I think she didn't know what she was supposed to do and in fact in your opening brief you have a statement that the co-trustees did not even know how to transfer title and if that's true if they were intending to transfer title but didn't know how why isn't it ready for distribution under Washington law because they need to find out how they need to complete their duties under the trust or get an attorney to tell them how to the trust it's not an excuse that they don't know how to complete their duties for a property to be accrued the trustees must actually complete their duties I want to know also regarding this this issue with the attorney advising that it would be time-consuming and likely expensive to transfer the property nothing in that statement conflicts with the idea that that miss Hoover and her co-trustee may not have transferred the property for reasons that are supported in the discretionary clause like this is very keep going back to that and my frustration is what you're arguing is that they could have relied on these factors because there was evidence that could have supported that exercise of discretion they might have it might have been reasonable if they had but I don't see any evidence anywhere in the record that that is in fact what they relied on and and we'd argue that that that you we don't need that evidence to win but that there was evidence in the record that cast doubt on the motivations of Miss Hoover regarding this do you want to I just wanted to point out you have a just over two minutes that you might want to consider saving for thank you thank you your honors in response I'd like you to would you introduce yourself for the record just so we have that Christina Henry attorney for the appellee miss I'd like to bring your attention to a couple of points the first one is that this is property of the state in bankruptcy law under 541 a which is very broad statute and that statute also includes not only legal title to legal property but also equitable property and in this case there's there's really they knew that she was have been making the payments they knew that she had been contacting the mortgage servicer about how to assume the loan how to get a loan modification and so forth so he certainly and they knew that he mr. Suleman had died so they certainly knew she had some interest in the property if not legal titles she certainly had an equitable interest and then number two Washington State trusts are interpreted in the intent in the intent of the trustor and provisions of the trust should be interpreted that way and it's ms. Hoover's position that the provision in the trust b-2-3-1 is a mandatory provision that expresses the intent of the trust or her father to make sure the property what is what is your response to counsel's argument that the discretionary clause applies to everything such that in my example if the trust was supposed to distribute everything to someone on their 30th birthday but they were you know wildly drunk and spend thrift still and all the other issues that are laid out in the discretionary clause were in existence and the trustee says I'm relying on the discretionary clause and I'm not going to distribute this property is that permissible under Washington law your honor the it goes to the terms of the trust and the term that's what I'm asking you about under under this discretionary clause had the trustees relied on those factors that opposing counsel has mentioned would that be permissible well your honor going to your questions that we're getting yes or no question would it be permissible for the trustee to have declined to distribute this property for one of the reasons laid out in the discretionary clause no your honor because because in in our view that discretionary clause is a provision of a Spencer of trust provision in the trust but this is a mandatory provision which was triggered upon mr. Suleman's death that it was readily accessible it was ready for distribution to miss Hoover and the discretionary clause was something that no one relied on and it was also something that she that had nothing to do this property so once you have in your view the mandatory clause basically overrides the discretionary clause it's a more specific provision the prior provisions were done much earlier in years in the trust and to go to this courts questions about principle and income I believe it said principle and interest but I believe you meant principle and income real property yes can be principle of the trust but in I believe when they talk about an income they're talking about things that the trust is actively doing to raise revenue off of trust assets things like rent perhaps if it's not real property it would be stocks and so forth you're saying that you're agreeing though with opposing counsel that the term principle does apply to the real property I am I am saying that but I'm also saying that the type of principle that would matter for purposes of that discretionary trust are things that where there's active things being done by the trust for instance in this case miss Hoover is making the payments on the mortgage the trust isn't there's no accounting that's done by the trust to take care of payments on the trust and anything else dealing with this particular property this is more of what the nettle decisions talk about as an asset in this trust that's readily available and it's not it's not part of that Spencer trust provision in our view well I think your opposing counsel would say under these cases you have to take various steps under these nettle cases every active duty in order to do the transfer make it ready and there it was just a question of they hadn't distributed the checks but here it's actually what's not done as a full-on transfer right my my opposing counsel and PHH say that there are quote duties I'm going to refer to judge lasnik's decision which made very clear that the appellants have not identified any calculations deductions administrative assessments or other accounting to be performed and when I read the nettle cases those cases which also talk about principal and income deal with assets that the trust has to perform those functions and things like sending a check our ministerial type issues they don't create any large knowledge or responsibilities and they are the type of thing that's similar to the trust I mean the property being put in another title and I think as you said earlier it's ready for distribution it's not the distribution itself right although I do see a big distinction between title transfer and then just for example sending a check that you would you agree that they aren't really comparable we don't really have a case that would speak to this so we're back to the terms of the trust right we may not but I still think they are the type of activity that anyone could do they're not they're not specific to the trust doing things and so we do we do take the position that it is a type of ministerial act and it's different from the nettle cases in that way is there evidence in the record that the trustee exercised any aspect of the discretionary clause there is no evidence that I am aware of clearly when miss Hoover fell behind on payments she wasn't seeking any assistance from the trust she was a seeking assistance from the servicer and she considered it her property didn't think that there was a Spencer of trust or anything preventing them from coming in and foreclosing in fact she ran to bankruptcy to actually stop the foreclosure from happening not in a situation where she ever thought or or ever even knew that there was any close spendthrift trust provision that would prevent the bankruptcy estate from administering the asset in order to that the stay was violated do we have to conclude that PHH was aware of the bankruptcy PHH was aware of the bankruptcy there's there's quite a bit of evidence in this case that they had evidence that the petition for bankruptcy was received in their files that they have received a fax on July 9th which was at least four days before the bankruptcy filing which include the relevant provision of the trust included other information about miss Hoover they also knew miss Hoover she had originally supplied them information in January of 2019 to tell them that her father had died and that she was one of the co-trustees of the trust over time she did everything she could to bring the property current it was her understanding and this is in the record was her understanding that at least under aquan when she was talking to aquan before the transfer happened to PHH that she had to bring the payments current before she could assume the loan and when she had to bring the payments current that's why she spent so much effort in doing a modification in her understanding any title transfer couldn't happen until she brought until she was able to bring the payments current and assume the loan so whether that's true or not that is certainly what she thought and that is evidence in her declarations good let's assume that the co-trustee basically delayed distribution and then Hoover died would how would you be able to say that the property was ready for distribution previously but now she's died and now it's going somewhere else I'm not sure because that certainly is a factual thing that might have happened under the trust correct so you're saying she died after the trust after the property came into the trust at the poor over will correct okay I actually don't know if that would change anything I would think her heirs would then be the what the heirs would be entitled to the property because the trigger of that provision is that he died so there is one I will admit there is one clause in the back that says if for some reason in order to keep the property that they need to go to the trust to get a loan or other and from other help at that point some of the asset may be considered a remainder trust that would go to still would be meant to be allocated miss Hoover but I think that would be a different situation here she always took the provision here that said that she had the property and the obligations against the residents went with her any other questions I can answer here's not all you have some time for a rebuttal your honor there's two points I'd really like to address one is that one item of evidence in the record that the trustee exercised their discretion under the discretionary clause is that they didn't transfer the property the trust language specifically allows them to not transfer the property under the discretionary clause it does not allow them to refrain from transferring it because of some other random reason that's not in the discretionary clause the second point that I'd like to make is the idea of mandatory conflicting transfer language has been repeated by the lower courts and opposing counsel and we contend is incorrect the the language that's been described as mandatory regarding the residents states that it should be transferred as soon as practicable that language in itself suggests discretion is allowed to the trustees and we cited this year's v-robot case in our briefing a Washington case that notes that was as soon as practicable means is as soon as reasonable under the circumstances because of this the trustees you know that this clause does not conflict with any other provision in the trust allowing discretion or with the spendthrift trust because it in fact reads into its own terms that the trustees can act in a way that's reasonable there are at least six different provisions in the trust that talk about the discretion of the trustees under the trust it's mentioned in the article the preamble of article 4 it's mentioned mentioned in the about section 4.3 point 24 has not been talked about in argument but it also says that the trustees can exercise any power not otherwise granted in this instrument or given by law which the trustee in their sole and absolute discretion determines are necessary and desirable and not inconsistent with the provisions of the instrument and then 7.1 and 7.7 of the trust talk about the although we don't think we need to win that this particular point because title wasn't transferred in this case we do not agree with the idea that there was mandatory language that conflicts with the remainder of the trust provisions in fact spendthrift trusts always run side by side along with other provisions in a trust regarding distribution of property thank you thank you and thank both counsel for the arguments Hoover versus PHH mortgage is submitted and we're
judges: HAWKINS, GRABER, McKEOWN